386 P.2d 910

Dyle E. STONE, Plaintiff and Respondent,

v.

HURST LUMBER COMPANY, a corporation, Defendant and Appellant.

No. 9879.

Supreme Court of Utah.

Nov. 27, 1963.

Dale T. Browning and Phillip H. Browning, Ogden, for appellant.

Patterson, Foley & Phillips, Ogden, for respondent.

WADE, Justice.

This appeal is brought by the Hurst Lumber Company, appellant herein, from an adverse jury verdict and judgment thereon in an action brought by Dyle E. Stone, respondent herein, for damages resulting from an assault and battery by an employee of the lumber company.

From the evidence it appears that about 12 days before the incident, which is the basis of this suit, occurred, the lumber company, needing a deliveryman, called an employment agency from whom they had been accustomed for a number of years to secure applicants for employment. The employment agency sent a Mr. Marlin Morris, who was hired by defendant. About June 12, 1962, Mr. Morris was sent to deliver some lumber at a construction site where some houses were being built. Arriving at the site, Mr. Morris encountered plaintiff who instructed Mr. Morris to drop the lumber in two piles at different sites. Mr. Morris dropped the lumber in a manner unsatisfactory to plaintiff. Plaintiff voiced his dissatisfaction with the way Mr. Morris had dumped the lumber and made some remarks about Mr. Morris's competence, or lack of it, whereupon Mr. Morris came over to plaintiff and hit him in the jaw, as a result of which he was confined in a hospital for a few days.

Plaintiff's brother was working with plaintiff at the site but was not present at the altercation. Upon learning that his brother had been hit, he immediately drove to the lumber company, arriving before Mr. Morris. He testified that upon informing a foreman of the lumber company of the occurrence, the foreman said he would fire Mr. Morris, and stated: "He is kind of hot-headed. I warned him before." The foreman denied making this statement. The foreman did discharge Mr. Morris when he came in, because, as he testified, the truck drivers were in effect the salesmen for the company, and a man who did not get along with a customer would not be retained in employment. There was also evidence that when Mr. Morris returned to the

lumber company, after some words with the brother of the plaintiff, he offered to fight the brother also, but didn't. The foreman of a subsequent employer of Mr. Morris, a construction company, gave it as his opinion that Mr. Morris was inclined to be hot-tempered; that he did not get along well with his fellow employees, and if teased, would be ready to fight, though he never actually saw him strike anyone. The lumber company's employees all testified that during the time he was working with them they all got along well.

■ The court correctly determined that under this court's decision in Barney v. Jewel Tea Co.,[1] the lumber company, under the evidence presented herein, is not liable for the willful tort of its employee, the evidence being uncontradicted that the battery was committed after the employee had finished delivering the lumber; and it could not reasonably be found that the battery was committed in furtherance of the company's business. However, the court submitted the case to the jury to determine whether the lumber company had been negligent in failing to exercise reasonable care for the safety of its customers by employing or retaining a person whom it knew, or should have known because of habits or temperament, might assault a customer, patron or other invitee of the employer.[2]

■ It is appellant's contention that the question of its negligence in the employment or retention in employment of Mr. Morris should not have been submitted to the jury, because there was not sufficient substantial evidence from which it could reasonably be found that it knew, or should have known, that he was a person of such vicious temperament that it should have foreseen that he would be a source of danger to its customers or invitees. We agree.

The evidence established that Mr. Morris was employed by the lumber company in the usual manner in which they obtained their truck drivers and deliverymen by calling a certain employment agency who knew its requirements, and after an interview with a foreman as to the prospective employee's qualifications for the job. There was no evidence the appellant could have discovered any derogatory characteristics which Mr. Morris might have had by any investigation, nor that it was necessary or customary to make further investigations for the type of work for which he was hired. Mr. Morris had only been in the employ of appellant but a short time when the assault took place. All his fellow employees testified that during the time they

1. Barney v. Jewel Tea Co., 104 Utah 292, 139 P.2d 878.
2. Anno. Assault by Servant, 34 A.L.R. 2d 390, Sec. 9; Restatement Law of Agency, 2d Ed., Sec. 213; LaLone v. Smith, 39 Wash.2d 167, 234 P.2d 893; Svacek v. Shelley, Alaska, 359 P.2d 127; 34 A.L.R.2d 372; Murray v. Modoc State Bank, 181 Kan. 642, 313 P.2d 304.

worked with him he did his job well, and they found him easy to get along with. The only testimony of an adverse nature was that of the brother of the plaintiff, who testified that a foreman of the lumber company had stated that Mr. Morris was kind of hot-headed, and that he had warned him. This statement was denied by the foreman. No explanation of what was meant by hot-headed was given. The term itself is not unambiguous. According to some definitions in Thesaurus[3] it could be used as describing someone who was hasty or someone who had violent tendencies.

We are of the opinion that the statement itself is not sufficient to show actual knowledge of any vicious propensities of Mr. Morris, and there being a complete lack of evidence of any acts of Mr. Morris of which appellant knew, or should have known, showing violent propensities, so that as a reasonably prudent person it could foresee harm or danger to others if he was retained in its employment, there was insufficient evidence to submit the question of negligence to a jury. Fleming v. Bronfin,[4] a case decided by the Municipal Court of Appeals for the District of Columbia, is similar to the instant case in the evidence presented, in that the deliveryman who committed an assault upon a woman was hired without any independent investigation other than a call to a former employer

and a denial that after the occurrence defendant stated that he had fired the deliveryman because he had found several empty vanilla bottles on the premises and for "bad character." In that case the court determined that there was insufficient evidence to support a finding that the employer was either negligent in the employing or retention of the employee, because it was not shown that a further investigation would have disclosed any vicious propensity.

Reversed. Costs to appellant.

HENRIOD, C. J., and CALLISTER, McDONOUGH and CROCKETT, JJ., concur.

---

3. Standard Thesaurus of English Words and Phrases, p. 475.

4. Fleming v. Bronfin, D.C.App., 104 A.2d 407.