Nat H. Hentel, J.
This is an action for conversion originally brought to recover the amount of $575 allegedly stolen from an apartment at 61-35 98th Street, Rego Park, New York, on September 20, 1969.
The facts of the case were stipulated and are as follows:
1. That the defendant, James Walker, was a truckman in the employ of Furniture-In-The-Raw Queens Corp., and was authorized by his employer to hire help “ off the street,” when a large delivery necessitated extra help.
2. He hired an unnamed youth of about 16 years of age on September 20, 1969, to aid him in delivering furniture to the plaintiff. The youth, after the furniture had been delivered and, while still in the apartment of the plaintiff, removed the plaintiff’s wallet from a coat in the apartment which plaintiff claims contained $575, but for the purpose of trial the amount is stipulated at $400. The youth then escaped with defendant Walker and the plaintiff in pursuit.
Defendants claim that plaintiff’s cause must fail as a matter of law since the complained of actions were clearly beyond the scope of the subagent employee’s authority. The defendant further relies upon the case of Stevens v. Lankard (31 A D 2d 602, 603). This case is distinguishable from the instant one in that it involved the commission of an act of sodomy by defendant’s employee upon a customer. The court in that case held that a “ routine check into the man’s background would never have revealed his prior sodomy conviction ” or his proclivities. The act of the employee in the Stevens v. Lankard case was not ordinarily foreseeable by the employer.
In this case, the court finds that the defendant through its employee Walker was negligent in hiring an unidentified teenager (or more properly impressing him into service) “ off the street ’ ’ to assist in the moving of furniture into plaintiff’s apartment. The defendant through its employee Walker failed to make an inquiry, even on a cursory or routine basis, as to the subagent’s honesty or trustworthiness, and, at the very least, failed to ascertain the identity of the subagent and his residence *285 address, so that there might be a starting point for answerability in the event that the subagent functioned improperly.
Furthermore, the defendant through its employee Walker, failed to instruct the subagent as to the manner in which he was to conduct himself while in the plaintiff’s premises on the employer’s business. Under the circumstances, the hiring at random ‘1 off the street ’ ’ should have alerted the employer of the possibility that such an unidentified, untrained and untried employee could foreseeably become the perpetrator of an incident such as we have in this case or some other actionable misconduct. The very minimum of hiring standards were not imposed. Proper safeguards were not taken to insure the proper functioning of such a subemployee, and thus the employer invites the consequences of such foreseeable negligence. An employer is not responsible for acts of an employee committed outside the scope of employment, nevertheless, the employer has a duty to exercise reasonable care in employing, training and supervising an employee. An employer must also exercise reasonable care to determine whether an employee is competent to perform the duties of his employment without danger or harm to those with whom such employee will come into contact. The employer failed in this case on all scores. (See Restatement, Agency 2d, § 213.)
Accordingly, court renders judgment for the plaintiff in the sum of $400 with interest from September 20,1969.