Herbert A. Posner, J.
This is a motion by defendant for an order (under CPLR 3124) to compel plaintiff to answer 41 interrogatories and a cross motion by plaintiff for a protective order (under CPLR 3103, subd [a]) striking the interrogatories as being improper under the mandatory exclusion described in CPLR 3130, "After commencement of an action, other than in an action to recover damages for an injury to property, or a personal injury, resulting from negligence * * * any party may serve upon any other party written interrogatories”. (Emphasis supplied.)
This is an action by the owner of a multiple dwelling on the west side of Manhattan to recover damages of $795, with interest and costs for breach of a written lease. Defendant’s first answer was a general denial. At this point we have a rather simple everyday case of breach of lease. There is no doubt that the use of interrogatories under CPLR 3130 would be permitted where the action is based upon contract, not negligence, and does not involve either an injury to property or the person. However, a complication arose when the defendant was permitted to amend her answer to add counterclaims for breach of quiet enjoyment, constructive eviction and negligence. As damages for her counterclaim defendant demands $47,500. Defendant bases her defense and counterclaim on the following set of alleged facts:
*522 On February 22, 1974, plaintiffs employee, one Clarence Warren, entered, defendant’s apartment to perform certain janitorial duties, while defendant was personally present on the premises. While in the midst of performing the duties ascribed to his employment he performed certain other acts (which it is "presumed” were outside the scope of his employment), to wit — assault, robbery, intimidation with intent to kill, and rape. In spite of Clarence Warren’s threat to kill her should "she go to the police”, defendant had the temerity to file a criminal complaint. Within one week Warren was out on bail and, according to the defendant, "back on the job.” In fear of her life, she vacated the apartment, "poste haste”, whereupon, the plaintiff brought this action for breach of lease.
Many of the interrogatories requested by the defendant deal with information concerning the plaintiffs personnel policies and in particular his knowledge before and after the incident in question of the peculiar proclivities of the employee, Clarence Warren. While the plaintiff objected to all of the interrogatories, these are the only ones that would provide information helpful to defendant’s counterclaim for "negligence”. As a general rule an employer is responsible for the acts of his employee, under the theory of respondeat superior, unless the employee is acting outside the scope of his employment. However, knowledge before the incident in question of the employee’s past history, prior complaints from other tenants, knowledge of the defendant’s complaint after the incident and the degree of care in selecting, training and supervising employees are all factors which could make the plaintiff liable for his employee’s torts (Witmark & Sons v Hall-Berwin Corp., 223 NY 576; Stevens v Lankard, 31 AD2d 602, affd 25 NY2d 640; Weiss v Furniture-In-The-Raw, 62 Misc 2d 283).
There is no question that the interrogatories which will assist the defendant in her defense of plaintiffs contract action and her counterclaims grounded in contract (breach of covenant of quiet enjoyment and constructive eviction) will also assist her in her counterclaim alleging plaintiffs "negligence” in hiring, training, supervising and retaining (after Feb. 22, 1974) Clarence Warren in its employ. Plaintiff contends that if the action sounds in negligence, i.e., if recovery is dependent on proof of negligent conduct the courts will prevent the use of interrogatories, even though the complaint may allege other cause of action, such as breach of contract *523 (Marotta v Roundtree Estates, 50 Misc 2d 149). Further, in an action where there are viable causes of action other than negligence, the court will strike those interrogatories which relate and are directed to the question of negligence (Fusco v Enzo-Gutzeit, 42 Misc 2d 101).
The plaintiff’s argument would have a great deal of merit if its action was grounded in negligence or the defendant’s counterclaims for damages were based upon injuries to her person or property caused by the negligence of plaintiff’s employee during the course of his employment. However, the alleged acts which the employee committed that caused injury to defendant’s person — were: assault, rape and intimidation; and the alleged act that caused injury to her property — was robbery. None of these acts resulted from the employee’s negligence. If he did what is alleged, he committed deliberate and willful torts. Plaintiff’s argument is based solely upon the defendant’s unartful use of the word "negligence” in formulating one of her counterclaims. She claims plaintiff failed to exercise proper care in selecting, training, supervising and retaining an employee with vicious and larcenous propensities. This counterclaim is in reality related to the counterclaims of breach of quiet enjoyment and constructive eviction. All three counterclaims are sounded in contract. An action in contract is an action in contract, no matter what name the "rose” is called. There was a contract (the lease) between the plaintiff and and defendant. In exchange for the payment of rent, the plaintiff promised to provide defendant with the "quiet enjoyment” of an apartment. Whether plaintiff is guilty of breaching the contract by failing to exercise reasonable (and perhaps foreseeable) care in hiring, training, supervising and retaining Clarence Warren as an employee is a burden that defendant has to prove on trial; but the relevant facts are wholly within the knowledge and control of the plaintiff, thus, they are "fair game” for interrogatories.
In addition, the whole thrust of CPLR article 31 is to provide (CPLR 3101) "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * * (2) a person who possessed a cause of action or defense asserted in the action.” Even though similar language in the prior Civil Practice Act was approached with less liberality, the Court of Appeals in the leading case of Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 406) said that the article must be "interpreted liberally to *524 require disclosure, upon request, of any facts bearing on the controversy which will assist the preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” Consequently, any statutory restriction upon the liberal disclosure thrust of the article in general, must be strictly and narrowly construed. Prof. Siegel in his commentary to CPLR 3130 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, pp 671-672) states: "And whenever a negligence count is joined with other counts, whether warranty or statute or anything else that admits of the interrogatory, which is then used to probe a fact or item common to all of them, it should be allowed. The legislative intent was to exclude the interrogatory only where negligence is the ground. A coordinate intent was therefore to allow it where some other ground is involved. In the joined-ground case there would be a conflict of intentions which should open the door to a resolution of the conflict by applying the Court of Appeals’ broad approach to disclosure manifested in the Allen case. See C3101:5, supra. A liberal view of disclosure would prompt the holding that where underlying bases of liability conflict and any of them allows the device of the interrogatory, the device should be allowed. That is so, in any event, as long as the count which admits of the interrogatory is interposed in apparent good faith.” In the most recent case, Ribley v Harsco Corp. (84 Misc 2d 744), an action for damages for personal injury, for negligence and breach of warranty, the court held that "interrogatories with respect to the non-negligent cause of action are permissible”, even though the information could also be used in the negligence cause of action.
The plaintiff shall answer all interrogatories, with the exception of number 41 (which is vague and contradictory), within 20 days after the order is served upon him.