**Ann B. WILKENS, Plaintiff-Appellant,**

v.

**Samuel H. DRUMMON, Defendant-Respondent.**

**No. WD 32624.**

Missouri Court of Appeals, Western District.

June 15, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

Application to Transfer Denied Sept. 13, 1982.

■

James H. Ensz, Kansas City, for plaintiff-appellant.

Gary M. Cupples, Kansas City, for defendant-respondent.

Before KENNEDY, P. J., and CLARK and MANFORD, JJ.

KENNEDY, Presiding Judge.

Plaintiff Ann Wilkens' petition for damages for the wrongful death of her daughter, Cara, was dismissed upon defendant's motion, because deemed by the trial court to be barred by the statute of limitations, § 537.100, RSMo 1978, which was in effect at the time plaintiff's cause of action accrued.

Cara's death occurred on October 31, 1978, as the result of a vehicular collision. At that time the wrongful death limitation period was two years, § 537.100, RSMo 1978 (since amended Cum.Supp.1981).

On September 28, 1979, the statute amendment became effective which made the limitations period three years. It is important to note that at the effective date of the new statute the previous statute of limitations had not run on plaintiff's claim.

Plaintiff's suit was filed November 3, 1980—after two years from the accrual of the cause of action, but within three years.

If the two-year statute of limitations applies, the statute in effect when the cause of action accrued, the claim was barred October 31, 1980, and the judgment of dismissal must be affirmed. If on the other hand the three-year limitations period applies, the judgment of dismissal must be reversed and the cause remanded to the trial court.

The case is ruled by *State ex rel. Medical Research Center v. Peters*, 631 S.W.2d 938 (Mo.App.1982), in which Judge Shangler taught us that where the plaintiff's cause of action for wrongful death was still viable when the three-year limitations period became effective, September 28, 1979, the extended limitation period applied.[1] That was the case here. On September 28, 1979, plaintiff's claim for her daughter's wrongful death had not been barred by the statute of limitations. In filing her lawsuit within the three-year period granted by the amended statute, the cause was not barred by the statute of limitations.

Defendant undertakes in oral argument to distinguish the facts of the present case from *Research Center*, on the ground that *Research Center* was dealing with a situation where the *internal limitation* period was the one which would have barred the plaintiff's claim (i.e., the one-year period within which a spouse and minor children must under the earlier statute have commenced suit) and not the two-year period after which all claimants were barred. That does not seem to us to be a substantive distinction between the present case and *Research Center*.

Defendant says also that *Research Center* is in conflict with *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1 (Mo.App.1975). We think the cases are not in conflict, but that they are satisfactorily distinguished in the *Research Center* opinion.

Defendant suggests that we transfer the case to the Supreme Court, Mo.Const., Art. V, § 10, but we decline to do so on our own motion.

Judgment reversed and cause remanded for further proceedings.

All concur.

---

1. The same question was answered the same way in *Robinson v. Heath*, 633 S.W.2d 203 (Mo.App.1982). Both cases were decided after the trial court's ruling in the present case and after the parties' briefs were filed.