James L. GAINES and Margaret M. Frazier (Formerly Margaret M. Gaines), Plaintiffs-Appellants,

v.

MONSANTO COMPANY, Defendant-Respondent.

No. 46216.

Missouri Court of Appeals, Eastern District, Division Three.

May 24, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983. Application to Transfer Denied Sept. 20, 1983.

David G. Lupo, St. Louis, for plaintiffs-appellants.

P. Terence Crebs, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, the parents of Kasandra Gaines, appeal after the trial court dismissed their petition for wrongful death of their daughter with prejudice. The adult daughter, Kasandra Gaines, was employed as a secretary at defendant Monsanto Company's headquarters. Burton Woods III, who had previously been convicted of rape and robbery, also worked at defendant's headquarters as a mail clerk. Subsequently, Woods killed Kasandra Gaines at her apartment, and was convicted of capital murder.

Defendant's motion to dismiss alleged five grounds: (1) the Statute of Limitations, § 537.100 RSMo 1978; (2) that the Worker's Compensation Law, § 287.120 RSMo Supp.1982 grants plaintiffs their exclusive remedy; (3) improper venue; (4) lack of proximate cause; and (5) failure to state a claim upon which relief can be granted. The trial court dismissed the petition with prejudice without stating reasons. We reverse and remand.

A dismissal is authorized if it appears from the petition that the applicable statute of limitations has expired. *Uber v. Missouri Pacific Railroad Co.,* 441 S.W.2d 682, 683 (Mo.1969). Here, Kasandra Gaines died on April 10, 1979, when the wrongful death limitation period was two years. § 537.100 RSMo 1978 (amended, now, § 537.100 RSMo Supp.1982). The amended statute, enlarging the limitation period to three years, became effective September 28, 1979. Plaintiffs filed suit on March 25, 1982—more than two years after the accrual of the cause of action, but within three years. Since plaintiffs' claim had not been barred on the effective date of the amendment, September 28, 1979, the three year statute of limitations applies. *Wilkens v. Drummon,* 637 S.W.2d 273, 274 (Mo.App. 1982). Plaintiffs' cause of action is not barred and defendant's first ground fails.

**570**

In the second ground for dismissal, defendant contends that if the petition states a cause of action, plaintiffs' exclusive remedy is the Worker's Compensation Law, § 287.120 RSMo Supp.1982. The Worker's Compensation Law is the exclusive remedy only for an "accident arising out of and in the course of" employment. § 287.120. The murder, occurring at the victim's apartment, was not an accident in the course of employment and thus not within the exclusive realm of the Worker's Compensation Law. *See Combs v. City of Maryville,* 609 S.W.2d 475, 478 (Mo.App.1980). Therefore, any possible common law action is unaffected. *Lathrop v. Rippee,* 432 S.W.2d 227, 231 (Mo.1968). Moreover, this ground is addressed to lack of subject matter jurisdiction and would require the dismissal to be without prejudice, if granted. *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982).

Defendant has not presented any argument on the third ground in the motion to dismiss, improper venue, and the record is not informative. Hence, we make no ruling on venue. Accordingly, we consider grounds four and five together as a motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiffs' complaint charged defendant with negligent hiring or retention of an employee. Plaintiffs specifically alleged (1) that Woods was previously convicted of the crimes of rape and robbery; (2) his assigned duties required him to circulate among defendant's female employees; (3) he thereafter came into contact with Kasandra Gaines and his assigned duties provided him the opportunity to learn her name and home address; and (4) that Woods had dangerous proclivities which defendant knew or should have known. The complaint also alleged that in the course of his employment, Woods made advances upon female employees, including Kasandra Gaines, and had a reputation for harassing and making advances upon these employees. Defendant had no established business practice to determine dangerous proclivities of its employees, before or after hiring. Plaintiffs contend that defendant's acts or omissions were the proximate cause of Kasandra's death.

In determining the sufficiency of a petition challenged by a motion to dismiss we give the petition its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to plaintiffs to determine whether they invoke principles of substantive law. *McCoy v. Liberty Foundry Co.,* 635 S.W.2d 60, 62–63 (Mo.App.1982).

The trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and favorably to plaintiffs, giving them the benefit of all inferences fairly deducible from the facts stated therein. *Jaime v. Neurological Hospital Ass'n of Kansas City,* 488 S.W.2d 641, 643 (Mo.1973). The facts alleged in the petition should be assumed to be true. *Hunt v. Dallmeyer,* 517 S.W.2d 720, 723 (Mo.App.1974). The dismissal will be upheld only if plaintiff could not recover on any theory pleaded. *Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625, 630 (Mo.App.1975).

We conclude that an employer may be directly liable for negligent hiring or negligent retention of an employee where the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of the plaintiff's injury. Negligent hiring or retention liability is independent of respondeat superior liability for negligent acts of an employee acting within the scope of his employment.

This cause of action was recognized in Missouri in *Strauss v. Hotel Continental Co.,* 610 S.W.2d 109, 112 (Mo.App.1980). The court there reviewed prior Missouri case law,[1] and concluded that, "the Missouri

---

1. The court in *Strauss* discussed *Smothers v. Welch & Co. House Furnishing Co.,* 310 Mo. 144, 274 S.W. 678 (1925); *Priest v. F.W. Woolworth Five & Ten Cent Store,* 228 Mo.App. 23, 62 S.W.2d 926 (1933); *Porter v. Thompson,* 357 Mo. 31, 206 S.W.2d 509 (1947); and *Wellman v. Pacer Oil Co.,* 504 S.W.2d 55 (Mo. banc 1973), *cert. denied,* 416 U.S. 961, 94 S.Ct. 1981,

authorities should be read as being in line with the majority view which recognizes negligent hiring as a basis for recovery against the employer." *Id.* at 112.

Many other jurisdictions have recognized a cause of action for negligent hiring or retention of an employee where the employer knew or should have known of the employee's dangerous proclivities: *Svacek v. Shelley,* 359 P.2d 127 (Alaska 1961); *Kassman v. Busfield, Enterprises, Inc.,* 131 Ariz. 163, 639 P.2d 353 (App.1981); *Colwell v. Oatman,* 32 Colo.App. 171, 510 P.2d 464 (1973); *Shore v. Town of Stonington,* 187 Conn. 147, 444 A.2d 1379, 1383 (1982); *Williams v. Feather Sound, Inc.,* 386 So.2d 1238 (Fla.Dist.Ct.App.1980); *Petrik v. New Hampshire Insurance Co.,* 379 So.2d 1287 (Fla.Dist.Ct.App.1979); *Edwards v. Robinson-Humphrey Co.,* 164 Ga.App. 876, 298 S.E.2d 600 (1982); *Easley v. Apollo Detective Agency, Inc.,* 69 Ill.App.3d 920, 26 Ill. Dec. 313, 320, 387 N.E.2d 1241, 1248 (1979); *Hollinger v. Jane C. Stormont Hospital and Training School for Nurses,* 2 Kan.App.2d 302, 578 P.2d 1121 (1978); *Evans v. Morsell,* 284 Md. 160, 395 A.2d 480 (1978); *Hersh v. Kentfield Builders, Inc.,* 385 Mich. 410, 189 N.W.2d 286 (1971); *DiCosala v. Kay,* 91 N.J. 159, 450 A.2d 508 (1982); *F. & T. Co. v. Woods,* 92 N.M. 697, 594 P.2d 745 (1979); *Thahill Realty Co. v. Martin,* 88 Misc.2d 520, 388 N.Y.S.2d 823 (1976); *Weiss v. Furniture in the Raw,* 62 Misc.2d 283, 306 N.Y.S.2d 253 (1969); *Dayton Hudson Corp. v. American Mutual Liability Insurance Co.,* 621 P.2d 1155, 1161 (Okl.1980); *Dempsey v. Walso Bureau, Inc.,* 431 Pa. 562, 246 A.2d 418 (1968); *Coath v. Jones,* 277 Pa.Super. 479, 419 A.2d 1249 (1980); *Estate of Arrington v. Fields,* 578 S.W.2d 173 (Tex.Civ.App. 1979); *Stone v. Hurst Lumber Co.,* 15 Utah 2d 49, 386 P.2d 910 (1963); *LaLone v. Smith,* 39 Wash.2d 167, 234 P.2d 893 (1951). *See* Annot. 48 A.L.R.3d 359 (1973) ("Em-

ployer's Knowledge of Employee's Past Criminal Record as Affecting Liability for Employee's Tortious Conduct").

Plaintiffs' petition alleges all of the elements necessary to make a cause of action for negligent hiring or retention. They allege that defendant knew or should have known of Burton Woods' dangerous proclivities. Further, they contend that defendant placed Woods in a position where he would come into contact with female employees. He harassed and made advances upon plaintiffs' daughter and had a reputation for making advances upon female employees, all of which, plaintiffs plead defendant knew or should have known. We believe plaintiffs should have the opportunity to introduce evidence in support of their petition.[2]

Plaintiffs will have to prove at trial not only that defendant knew or should have known of Woods' dangerous proclivities but also that such negligent hiring and retention was the proximate cause of their injury. *Strauss v. Hotel Continental Co.,* 610 S.W.2d at 114–115.

Taking all allegations in the petition to be true, and giving plaintiffs all inferences, we hold that as a matter of law it would not be impossible for them to recover on the theory pleaded. Matters of foreseeability and proximate cause must be left for the court and jury after presentation of evidence. Generally, it is sufficient to constitute proximate cause that the negligence charged was the efficient cause which set in motion the chain of circumstances leading up to the injury. *Floyd v. St. Louis Public Service Co.,* 365 Mo. 247, 280 S.W.2d 74, 78 (1955); *Smith v. Secrist,* 590 S.W.2d 386, 389 (Mo.App.1979). The test of what was the proximate cause of an injury is whether, after the occurrence, the injury appears to be the reasonable and

---

40 L.Ed.2d 313 (1974). *See also Butler v. Circulus, Inc.,* 557 S.W.2d 469 (Mo.App.1977) (defendant employer could be held liable for employee's abuse of a resident student if the employee was not properly qualified, trained or supervised).

2. We note that plaintiffs would not make a prima facie case of liability solely by proving that the employer actually knew of the employee's criminal record. Liability would depend, among other things, on the nature of the criminal record and the surrounding circumstances. *See Evans v. Morsell,* 395 A.2d at 484.

probable consequence of the act or omission of defendant, not whether a reasonable person could have foreseen the particular injury. *Swindell v. J.A. Tobin Const. Co.,* 629 S.W.2d 536, 541 (Mo.App.1981). The negligence of defendant need not be the sole cause of the injury. *Smith v. Secrist,* 590 S.W.2d at 389.

Plaintiffs allege that defendant *knew* of Woods' prior convictions for rape and assault, hired him, and required him to circulate among defendant's female employees. Defendant knew that Woods made advances upon female employees, including plaintiffs' daughter and knew he had a reputation for such activity. Because of his job duties, Woods had the opportunity to learn of Kasandra Gaines' home address. Under these facts, and applying the standards set out above, we are unwilling to say, at the pleading stage, that as a matter of law plaintiffs cannot prove that defendant's negligent hiring or retention was the proximate cause of their injury.

We hold that the trial court erred in dismissing plaintiffs' petition, as they have stated a claim upon which relief can be granted. This court is not unmindful, however, of the adverse effect such a cause of action may have upon the employment of individuals with prior mental difficulties or persons who have been convicted of crimes and thereafter have paid their debt to society. In our view, however, the decision as to whether an employer is negligent in hiring or retaining a person in a given job should be made by the fact finder after hearing evidence.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.