Denis H. HARE, et al., Appellant,

v.

David Anthony COLE, et
al., Respondent.

No. WD 57764.

Missouri Court of Appeals,
Western District.

Submitted May 24, 2000.

Decided Aug. 22, 2000.

Albert W.L. Moore, Independence, for Appellant.

Shawn Foster, John Schultz, Kansas City, for Respondent Dominos.

Bernard T. Schmitt, Jeffrey W. Dean, Kansas City, for Respondent Cheeze & More.

Before THOMAS H. NEWTON, P.J., PAUL M. SPINDEN, C.J. and JAMES M. SMART, Jr., J.

JAMES M. SMART, Jr., Judge.

Plaintiffs Denis and Michael Hare appeal the grant of a motion for summary judgment filed by defendants Domino's Pizza, Inc. and Cheeze & More, Inc. Appellants contend that the court erred in ruling that the defendants were entitled to judgment as a matter of law. We reverse and remand.

## Factual Background

On June 15, 1998, a three-vehicle collision occurred on Highway 24 in Independence, Jackson County, when a vehicle driven by Michael Hare, waiting to make a left turn, was struck from behind by a vehicle driven by Paul Archambault, which in turn was struck from the rear by David Cole. Michael Hare was injured in the collision, and the car he was driving, owned by Denis Hare, was damaged. Thereafter, an action was filed by Michael and Denis Hare against Archambault and Cole, and against Cheeze & More, Inc., the employer of David Cole, and Domino's Pizza, Inc., the franchisor of Cheeze & More, Inc. A default judgment was taken against Cole. The trial court granted summary judgment as to both Cheeze & More, Inc. ("Cheeze") and Domino's Pizza, Inc. ("Domino's"). The claim against Archambault was dismissed without prejudice, and plaintiffs appeal the grant of summary judgment as to defendants Cheeze and Domino's (the "corporation defendants").

## Standard of Review

■■■ Rule 74.04 provides for disposition of cases by summary judgment ruling when there is no genuine issue of material fact and the moving party has demonstrated that it is entitled to judgment in its favor as a matter of law. The review of a trial court grant of summary judgment presents purely issues of law; and because the trial court's judgment is based on the record submitted and on the law, the reviewing court does not defer to the trial court's order granting summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the non-movant. *Id.* at 382.

[T]he non-movant need only show that there is a genuine dispute as to the facts underlying the movant's right to judgment. For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A "gen-

uine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

*Id.*

### Discussion

■ In the joint motion for summary judgment of Cheeze and Domino's, the defendants asserted the following facts:

1. The automobile driven by David Cole was not owned by Cheeze or Domino's.

2. The collision occurred at 5:55 p.m.

3. David Cole was scheduled to start work at 6:00 p.m.

4. David Cole was not working for either Cheeze or Domino's at the time of the collision.

5. David Cole's pay did not begin until he arrived at the store at 10503 E. 24 Highway.

6. That defendants Cheeze and Domino's had no control over how defendant Cole traveled to and from work.

7. That Cole was not reimbursed for expenses incurred while traveling to and from work.

8. That Cole was not delivering pizzas at the time of the collision.

9. That Cole did not arrive for work until after 7:00 p.m. on June 15.

Attached to the motion and suggestions and referred to in the "Statement of Undisputed Facts" was the affidavit of Tony Kiley, the affidavit of David Cole, the Domino's Pizza, Inc. Standard Franchise Agreement, and the response of David Cole to Domino's request for admissions.

The affidavit of Tony Kiley states that: 1) he is the owner of the pizza store on 24 Highway owned by Cheeze and doing business under the trade name Domino's; 2) he is in charge of the day-to-day operations of the store; 3) David Cole did not "clock in" to work on the day of the accident until about 7:00 p.m.; 4) at the time of the accident there was no "delivery timeline" in effect.

The affidavit of David Cole stated, in pertinent part: 1) neither Cheeze nor Domino's owned the vehicle he was driving at the time of the collision; 2) he was not delivering pizza for Domino's or Cheeze at the time of the collision; 3) he was traveling from his residence to his work at the time of the collision; 4) he was required to "clock in" to work on his arrival; 5) on the day of the accident, he did not "clock in" until around 7:00 p.m.

In plaintiffs' response to the motion of the defendants for summary judgment, plaintiffs presented the affidavit of Mr. Hare. His affidavit stated that he was operating the car owned by his brother, which was struck from behind at about 5:55 in the evening on Monday, June 15, 1998. He describes getting out of his vehicle, speaking briefly with the driver of the truck behind him, and then approaching the third vehicle.

> I saw the van driver leaning against it. He was wearing a Domino's shirt and cap. On top of the van was a large lighted Domino's sign. I walked to the van and its driver; I asked him, "WHAT are you doin'?" He said, "I'm delivering pizzas. I just snapped out." I glanced in the van and saw some Domino's pizza boxes on the front passenger seat. The Domino's shop at 10503 E. 24 Highway is about 90 feet west of [the nearby intersecting street] on the south side of the highway.

Also attached was an affidavit of Kevin Hare, the brother of Michael and Denis Hare. In his affidavit he stated that he is an automobile salesman. In his work he contacts people who "might need automobiles, including those who have lost cars in accidents, or incurred severe damage." He said that after learning of his brother's automobile collision, he included David Cole in his list of prospects. He contacted Mr. Cole, and Mr. Cole applied for the

purchase of a used car, consented to a credit and employment check, and informed Hare that he was employed as a construction worker and also by Domino's. Mr. Hare said he learned Cole's driver's license was suspended, and his driving and credit records were poor. Mr. Hare's affidavit further states that in verifying Cole's employment, he called Domino's. He spoke with "Ron," who was identified as the night manager. Mr. Hare said he asked the usual questions, including the number of hours per week worked by Mr. Cole. He said the night manager, apparently reading from something, informed him of Cole's schedule as follows:

| | |
|---|---|
| June 15, 1998 | 5:30 – 9:30 p.m. |
| June 17, 1998 | 5:30 – 9:30 p.m. |
| June 19, 1998 | 5:30 – 9:30 p.m. |
| June 21, 1998 | 5:30 – 9:30 p.m. |

The reply of Cheeze to Hare's response included an affidavit executed by Ron Bivins, who represented that he is the night manager for Cheeze on 24 Highway. Mr. Bivins stated in the affidavit that David Cole was not working for Cheeze at the time of the collision on June 15, 1998. He also stated that Mr. Cole did not arrive for work until after 7:00 p.m. that evening. Also attached to the response was what purported to be itemized time records of various employees of Cheeze from Monday, June 15 through Sunday, June 21. The exhibit showed that Cole clocked in at about 7:10 p.m. and clocked out at about 8:20 p.m. on the 15th. The exhibit also showed Cole starting work just before 6:00 p.m. on the 17th, and starting after 6:30 p.m. on the 19th. This exhibit indicated Cole was paid for just a little more than an hour for his work on the 15th.[2]

Cheeze and Domino's moved for summary judgment on the basis that the plaintiffs could not show that there was any evidence that Cole was in the course and scope of his employment at the time of the time of the collision. They also contend that plaintiffs are unable to make a claim

of negligent hiring or retention. They say there is no genuine dispute of material fact, and that the affidavits make clear that they are entitled to prevail as a matter of law.

■ We turn first to the issue of whether defendants' affidavits defeated the possibility of a *respondeat superior* relationship between Cole and the moving defendants. The general rule is that an employee, traveling to and from a place of employment, is on his or her own time and is not in the course of employment. *Logan v. Phillips*, 891 S.W.2d 542, 544 (Mo.App.1995). In the absence of some special benefit to the employer (apart from the availability of the employee's services at the place where they are needed), the employee, in traveling to work, is not acting within the scope of his employment. *Id.* The affidavits of the defendants state that Cole had not "clocked in" and was not being paid for his time at the time of the collision. Plaintiffs have evidence indicating that Cole was scheduled to report in at work at 5:30 p.m. on the day of the collision, and they have evidence that Cole stated that he was "delivering pizzas" at the time of the collision. Plaintiffs have evidence that the Domino's sign was on Cole's car at that time, and that there were pizza boxes on the front seat of his vehicle. Defendants offer no explanation as to why the Domino's sign would be on the car, and why there would be pizza boxes on the front seat, if Cole were off duty at the time. We conclude that there is a genuine dispute about whether Cole was actually in the course and scope of his employment at the time of the incident. Accordingly, we will reverse the summary judgment ruling as to the issue of *respondeat superior* liability.

We turn next to the claim of negligent hiring. In *Gaines v. Monsanto Co.*, 655 S.W.2d 568 (Mo.App.1983), the court rec-

---

2. The exhibit, which purported to be the company's time records, was not accompanied by an affidavit specifically referring to and au-

thenticating the document as in fact being the company's time records related to Mr. Cole.

ognized a potential cause of action for negligent hiring when an employer allegedly knew of an applicant's prior conviction for rape and assault, hired him, required him to "circulate among" female employees, knew that he made advances on female employees, and continued to retain him until he murdered a female employee at her apartment. Cheeze and Domino's urge us to hold as a matter of law that Cheeze had absolutely no duty to check the license status or driving record of any applicant for the position of delivery employee. They lack specific authority for this proposition, however, and we are not prepared to so hold as a matter of law. Cheeze hires employees primarily for the purpose of driving vehicles, which are dangerous instrumentalities, around the community. The decisional law in the area of negligent hiring of drivers is not highly developed. The lack of developed law, and the lack of factual record, make us reluctant at this stage of this proceeding to reach a conclusion as to duty. We decline the invitation to hold that there is no duty as a matter of law in this case to check the license status or driving record of applicants for driving positions.[3]

Defendants also claim that there can be no claim of negligent hiring unless it is shown that the collision occurred while Cole was on duty. In *McHaffie v. Bunch*, 891 S.W.2d 822, 825–26 (Mo. banc 1995), in *obiter dictum*, the court discussed the claim of negligent hiring which had been recognized in *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 570–71 (Mo.App.1983). The court said:

> The cases seem to suggest that its elements do not include a requirement that the offending conduct occur within the course and scope of employment. Rather, liability turns on whether there are facts from which the employer knew

or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee. *See Butler v. Circulus, Inc.*, 557 S.W.2d 469, 475 (Mo.App.1977), quoting Restatement (Second) of Torts, Sec. 302B, comment e, note D; *see also Porter v. Thompson*, 357 Mo. 31, 206 S.W.2d 509, 512 (1947); *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 571–72 (Mo.App.1983); and *Strauss v. Hotel Continental Co., Inc.*, 610 S.W.2d 109, 112–16 (Mo.App.1980).

Although cases involving claims of negligent hiring do not specifically require that the employee's misconduct occur within the course and scope of the employment, we believe the cases show that the employer must have played a role in bringing the offending employee into contact with the party who is thereby injured. *See Gaines*, 655 S.W.2d at 571 (negligence in hiring was the "efficient cause" which set in motion the circumstances leading to the injury); *Bennett v. Godfather's Pizza, Inc.*, 570 So.2d 1351 (Fla.App.1991) (employee of Godfather's negligently drove motor vehicle while off-duty after drinking beer he obtained at Godfather's; court affirmed dismissal for failure to state a cause of action for negligent retention, because the employer was not responsible for bringing the third person "into contact" with the employee). *Id.* We believe there must be more of a causal connection than simply the fact that the employee was on the way to work and had a random collision. It is logically necessary to draw a bright line separating on-duty driving from off-duty driving at this point. Otherwise, any employer who fails to check the license status of employees, and who knows that it is necessary that employees drive to and from work, could be considered to have

---

3. We would assume, of course, that if an applicant has a valid driver's license, the applicant's driving record is presumptively sufficiently satisfactory that the state has determined that the individual is entitled to operate a motor vehicle. Therefore, even if

there would be a duty to ascertain that an applicant is licensed, it does not necessarily follow that there would be a duty to inquire further as to the driving record. These issues remain for trial court consideration on remand.

brought the employee into contact with the third person via the vehicular collision, and could face potential liability for negligent hiring and retention as to injuries occurring from such a collision. Therefore, whether the plaintiffs have a claim against the defendants for negligent hiring and retention will depend, in this case, on whether plaintiffs show that Cole was in fact in the course and scope of his employment at the time of the collision.

Domino's also claims it is entitled to escape from the case because it is a mere franchisor and does not direct the day-to-day operations of Cheeze, does not share in the profits of Cheeze, and exercises only such control as is necessary and appropriate under the Lanham Act (15 U.S.C. § 1055 (1988)) to protect Domino's trademarks. Domino's points to the franchise agreement. We conclude that it would be premature to decide that issue at this point in the case with no record as to the actual nature of the relationship beyond the franchise agreement itself. The cases suggest it would be appropriate to consider other factors beyond the franchise agreement, including, but not limited to, the operations manual, which has been called a "veritable bible" for franchisees. *See Parker v. Domino's Pizza, Inc.*, 629 So.2d 1026 (Fla. App.1993) (reversing trial court summary judgment ruling that negligence of delivery driver of Domino's franchise was not attributable to Domino's); *Parker v. Hoppock*, 695 So.2d 424 (Fla.App.1997) (jury finding that franchisee was not agent of franchisor as to automobile collision was affirmed). *See also State ex rel. Domino's Pizza, Inc. v. Dowd*, 941 S.W.2d 663, 665 (Mo.App.1997) (for venue purposes, the franchisee was not the agent of the franchisor).

## Conclusion

We hold the trial court erred in granting summary judgment. Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings.

NEWTON and SPINDEN, JJ., concur.