

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| ANNE MARIE CAMPBELL, et al., | ) | No. ED112259 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Saint Louis County |
| vs. | ) | 22SL-CC00661 |
| | ) | |
| BAXTER INTERNATIONAL, INC., et al., | ) | Honorable Nancy Watkins McLaughlin |
| | ) | |
| Respondents. | ) | Filed: June 25, 2024 |

Anne Marie Campbell, Jane Doe #1, Jane Doe #2, and Jane Doe #3 (collectively "Plaintiffs") appeal the trial court's grant of judgment on the pleadings entered in favor of Baxter International, Inc. and Baxter Healthcare Corporation (collectively "Defendants") on Plaintiffs' claims for negligent hiring, negligent retention, and negligent supervision. We affirm.

### I.      BACKGROUND

In January 2022, Appellants filed their initial petition for damages ("initial petition") alleging five counts as to Defendants and an additional thirteen counts at to one of Defendants' employees ("Employee").[1] The counts against Employee in the initial petition alleged assault, sexual assault, battery, false imprisonment, invasion of privacy, and intentional infliction of emotional distress for various acts that occurred over the course of several years. As to Defendants, the initial petition alleged five total counts, one count each for negligent hiring,

---

[1] Employee is not a party to this appeal.

negligent retention, negligent supervision, negligent infliction of emotional distress, and punitive damages. Plaintiffs alleged in their initial petition that, *inter alia*, Defendants caused Plaintiffs injuries and damages by: (1) hiring Employee when they "knew or should have known that [he] had violent proclivities"; (2) retaining Employee after they knew or should have known he engaged in "violent and criminal conduct" against Plaintiffs "with the aid of instrumentalities provided by [Defendants];" and (3) "fail[ing] to adequately supervise [Employee] and allow[ing] [him] to use instrumentalities provided by [Defendants] to continue his violent and criminal behaviors" against Plaintiffs.

In May 2022, Defendants filed a motion to dismiss, arguing all five counts against them should be dismissed for failure to state a claim. Plaintiffs filed a response shortly thereafter, and in September 2022 the trial court held a hearing on, *inter alia*, Defendants' motion to dismiss. The trial court subsequently granted the motion to dismiss in part, finding Plaintiffs failed to adequately plead negligent infliction of emotional distress, but denied the motion to dismiss as to the remaining four counts against Defendant and granted Plaintiffs leave to file an amended petition.

In November 2022, Plaintiffs filed their first amended petition for damages (the "amended petition") alleging four total counts against Defendants, one count each for negligent hiring, negligent retention, negligent supervision, and negligent infliction of emotional distress, with the first three counts identical to the corresponding counts in Plaintiffs' initial petition. In December 2022, the court set a date for trial, but after the presiding judge vacated the bench in mid-2023, the trial was canceled and a new judge was assigned.

In October 2023, Defendants filed a motion for judgment on the pleadings, arguing Plaintiffs' four claims against them should be dismissed. Plaintiffs filed a memorandum in

opposition to Defendants' motion for judgment on the pleadings, attaching numerous exhibits. Following a hearing, the trial court issued a judgment granting Defendants' motion as to all four of Plaintiffs' claims, finding Defendants were "entitled to judgment as a matter of law on the face of the pleadings." This appeal followed.[2]

## II. DISCUSSION

Plaintiffs raise six points on appeal challenging the trial court's grant of judgment on the pleadings entered in favor of Defendants on Plaintiffs' claims for negligent hiring, negligent retention, and negligent supervision.[3] Plaintiffs' first point on appeal argues Defendants' motion for judgment on the pleadings was untimely. Plaintiffs' second point on appeal alleges the trial court erred in failing to treat Defendants' motion for judgment on the pleadings as a motion for summary judgment. In the remaining four points on appeal, Plaintiffs contend the trial court erred in granting Defendants' motion for judgment on the pleadings for various reasons.

### A. Standard of Review

A trial court's grant of judgment on the pleadings is subject to *de novo* review by this Court. *Gross v. Parson*, 624 S.W.3d 877, 883 (Mo. banc 2021). The trial court's ruling is reviewed in order to decide "whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Id*. (citation omitted). For purposes of the motion, the well-pleaded facts of the non-movant's pleading are treated as admitted. *Id*. However, this Court does not blindly accept legal conclusions within the pleadings, and we will affirm the judgment when it is supported by any theory, regardless of the reasons given by the trial court. *Id*.

---

[2] To avoid unnecessary repetition, additional facts relevant to Plaintiffs' points on appeal will be set forth in Sections II.B., II.C., and II.D. of this opinion.

[3] Plaintiffs make no argument on appeal regarding any error by the trial court in granting judgment on the pleadings on the claim of negligent infliction of emotional distress from their amended petition. Accordingly, any claim of error on appeal as to the trial court's judgment regarding negligent infliction of emotional distress is deemed abandoned. *See* Missouri Supreme Court Rule 84.13(a) (effective from July 1, 2012, to the present); *Lynch v. Treasurer of State*, 635 S.W.3d 573, 581 n.5 (Mo. App. E.D. 2021).

**B. Plaintiffs' First Point on Appeal**

Plaintiffs' first point on appeal argues Defendants' motion for judgment on the pleadings was untimely and "designed to delay the trial" because, *inter alia*, the motion was filed nearly two years after the underlying lawsuit began. Defendants' motion at issue in this case is governed by Rule 55.27(b),[4] which states in relevant part that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay trial." *See id*. Plaintiffs cite to no law beyond Rule 55.27(b) in support of their contention that Defendants' motion for judgment on the pleadings was untimely. Furthermore, Plaintiffs' brief on appeal acknowledges that at the time the motion was filed, no trial setting was scheduled. In light of the fact no trial was scheduled and therefore Defendants' motion caused no delay, we hold the motion for judgment on the pleadings in this case was timely filed under Rule 55.27(b). *See id*.; *cf. Parks v. Thompson*, 253 S.W.2d 796, 797 (Mo. 1952) (finding the trial court properly denied a motion for judgment on the pleadings when the motion was filed after the jury was selected for trial). Plaintiffs' first point on appeal is denied.

**C. Plaintiffs' Second Point on Appeal**

Plaintiffs' second point on appeal essentially alleges the trial court was required to treat Defendants' motion for judgment on the pleadings as a motion for summary judgment because the court considered a matter outside the pleadings in making its judgment. Specifically, Plaintiffs argue the following finding in the trial court's judgment shows the court considered a matter outside the pleadings: "Plaintiffs have failed to establish that an employer who hires an employee with an alleged violent or criminal history is liable for crimes that person subsequently commits, even if those crimes are completely unrelated to the person's employment."

---

[4] All references to Rule 55.27 are to the version of Missouri Supreme Court Rule 55.27 effective from January 1, 2012, to the present.

Rule 55.27(b) states in pertinent part:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04,[5] and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.

Rule 55.27(b). "Any evidence beyond that found in the pleadings constitutes a matter outside the pleadings." *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 127 (Mo. App. E.D. 2009) (citation omitted).

In this case, the trial court did not consider any matters outside the pleadings in making its judgment, and thus was not required to treat Defendants' motion for judgment on the pleadings as a motion for summary judgment. *See* Rule 55.27(b). The statement in the trial court's judgment regarding Plaintiffs' failure to establish that an employer can be held liable for the criminal acts of an employee merely represents a portion of Defendants' legal argument[6] which was summarized by the trial court, and does not reference any evidence beyond that found in the pleadings. *See Raster*, 280 S.W.3d at 127; *cf. Lynch v. Hurley*, 569 S.W.3d 33, 38-39 (Mo. App. W.D. 2019) (habeas judgment was a matter outside the pleadings);[7] *Gregg v. City of Kansas City*, 272 S.W.3d 353, 360 (Mo. App. W.D. 2008) (copies of two insurance policies and an affidavit were matters outside the pleadings); *Platonov v. The Barn, L.P.*, 226 S.W.3d 238, 239-40 (Mo. App. E.D. 2007) (alleged amendment to a contract was a matter outside the

---

[5] All references to Rule 74.04 are to the version of Missouri Supreme Court Rule 74.04 effective from July 1, 2008, to the present.

[6] That Defendants were making a legal argument is further evidenced by the sentence immediately following the language at issue in Defendants' motion for judgment on the pleadings: "That is not the law in Missouri."

[7] *Lynch* and other cases cited in this section of the opinion involve an appeal from a grant of a motion to dismiss rather than from a grant of a motion for judgment on the pleadings. *See, e.g.*, 569 S.W.3d at 35-37. However, for purposes of assessing whether a trial court's dismissal of a claim based on a motion made under Rule 55.27(b) rested on matters outside the pleadings and thus required the court to treat the motion as one for summary judgment, a judgment on the pleadings and a motion to dismiss are treated as equivalents. *RGB2, Inc. v. Chestnut Plaza, Inc.*, 103 S.W.3d 420, 425 (Mo. App. S.D. 2003) (citing *Pennell v. Polen*, 611 S.W.2d 323, 324 n.1 (Mo. App. W.D. 1980)).

pleadings).  In fact, the trial court's judgment explicitly stated that it *did not* consider any of the numerous exhibits submitted by Plaintiffs in their response to Defendants' motion for judgment on the pleadings and therefore it was not treating the motion as a motion for summary judgment. The trial court also stated in its judgment that it was granting Defendants' motion "on the face of the pleadings."

In sum, nothing in this Court's review of the trial court's judgment or the record in this case indicates the trial court relied on any matters outside the pleadings, and therefore the trial court was not required to treat Defendants' motion as one for summary judgment.  *See Hartman v. Logan*, 602 S.W.3d 827, 837 (Mo. App. W.D. 2020) (similarly holding); *see also* Rule 55.27(b).  Accordingly, Plaintiffs' second point on appeal is denied.[8]

### D.      Plaintiffs' Remaining Points on Appeal

Plaintiffs' remaining points on appeal all contend the trial court erred in granting Defendants' motion for judgment on the pleadings because Plaintiffs sufficiently pleaded their claims of negligent hiring, negligent retention, and negligent supervision against Defendants. The third, fourth, and fifth points on appeal all argue Plaintiffs sufficiently pleaded the specific elements of their claims, including duty and proximate cause.  Plaintiffs' sixth and final point on appeal contends the trial court erred in requiring Plaintiffs to prove a "new element" of the claims alleged against Defendant in the initial petition.  Because we hold Plaintiffs failed to sufficiently plead the element of proximate cause in support of their claims and therefore the trial court did not err in granting judgment on the pleadings on that ground, we need not address the

---

[8] Plaintiffs rely almost entirely on *Wallingsford v. City of Maplewood*, 287 S.W.3d 682 (Mo. banc 2009), in the argument section of their second point on appeal.  In *Wallingsford*, the Missouri Supreme Court held that the trial court erred in failing to require compliance with Rule 74.04 after treating a motion to dismiss as a motion for summary judgment.  *See id*. at 685-87.  In Plaintiffs' case, the trial court did not treat Defendants' motion as a motion for summary judgment nor did it consider matters outside the pleadings, and therefore compliance with Rule 74.04 was not required and the holding in *Wallingsford* has no application.  *See id*.; Rule 55.27(b).

6

additional details of Plaintiffs' remaining points on appeal.  *See Gross*, 624 S.W.3d at 883.

## 1.   General Law

The claims at issue in this case – negligent hiring, negligent retention, and negligent supervision – are all negligence actions, and the general elements of negligence are: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) proximate cause; and (4) injury to the plaintiff.[9]  *See Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. W.D. 2001).  All claims of negligence require the plaintiff to prove the defendant's actions were the proximate cause of the plaintiff's injury.  *Tharp v. St. Luke's Surgicenter-Lee's Summit, LLC*, 587 S.W.3d 647, 657 (Mo. banc 2019); *see also Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. banc 1997) (negligent hiring and negligent retention both require a plaintiff to show an employer's negligence was the proximate cause of the plaintiff's injury); *Lonero v. Dillick*, 208 S.W.3d 323, 327 (Mo. App. E.D. 2006) ("[n]egligent supervision is derived from the common law tort of negligence").  Proximate cause means "the [plaintiff's] injury must be a reasonable and probable consequence of the act or omission of the defendant." *Tharp*, 587 S.W.3d at 657. (citation omitted).  The requirement of proximate cause ensures a defendant will not be held liable for events "too far removed from the ultimate injury or

---

[9] Additionally, claims for negligent hiring and negligent retention require a plaintiff to show: "(1) the employer knew or should have known of the employee's dangerous proclivities[;] and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. banc 1997).  A claim for negligent supervision is established when:

> A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if[:]
> (a) the servant
>   (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant[;] or
>   (ii) is using a chattel of the master[;] and
> (b) the master
>   (i) knows or has reason to know that he has the ability to control his servant[;] and
>   (ii) knows or should know of the necessity and opportunity for exercising such control.

*Id*. at 247. (citation omitted)

damage." *Id*. (citation omitted). Proximate cause becomes a question of law for the court when the evidence connecting the plaintiff's injury to the defendant's negligence amounts to "mere conjecture and speculation." *Vescovo v. Kingsland*, 628 S.W.3d 645, 665 (Mo. App. W.D. 2020) (citing *Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts LLP*, 405 S.W.3d 19, 24 (Mo. App. E.D. 2013)).

### 2. Analysis of Plaintiffs' Claims as to Proximate Cause

Plaintiffs argue they properly pleaded that Defendants' negligence was the proximate cause of their injuries through the allegations in their petition that Defendants gave Employee the "tools and instrumentalities that [Employee] used to commit tortious and criminal acts against [Plaintiffs]" and failed to stop Employee from doing so. Plaintiffs rely on *Gaines v. Monsanto Co.*, 655 S.W.2d 568 (Mo. App. E.D. 1983), in arguing they sufficiently pleaded, *inter alia*, the element of proximate cause. However, *Gaines* is factually distinguishable from this case and serves to highlight the insufficiencies in Plaintiffs' petition.

In *Gaines*, this Court reversed a trial court's dismissal of a petition and held, *inter alia*, that the plaintiffs sufficiently pleaded all the elements necessary for their claims of negligent hiring and negligent retention. *Id*. at 569-72. The plaintiffs in *Gaines* sued a defendant-employer after their adult daughter, an employee of the defendant, was murdered by one of the defendant's male employees who had prior convictions for rape and robbery. *Id*. at 569. In support of their contention that the defendant's acts or omissions proximately caused their daughter's death, the plaintiffs specifically alleged, *inter alia*, that the male employee: (1) was assigned duties by the defendant which required him to circulate among other female employees; (2) came into contact with the plaintiffs' daughter by virtue of his employment with defendant; and (3) was assigned duties by the defendant which allowed him the opportunity to learn the

8

name and home address of plaintiffs' daughter. *Id*. at 570. Specifically citing these factual contentions by the plaintiffs, this Court held the trial court erred in dismissing the petition at the pleading stage. *Id*. at 570-72.

In contrast, in this case, Plaintiffs pleaded the element of proximate cause by alleging Employee used Defendants' equipment and resources, such as computers, phones, and cameras, to commit tortious and criminal acts while acting outside the scope of his employment. In doing so, Plaintiffs have provided no authority to support their contention that an employer can be held liable for negligent hiring, negligent retention, or negligent supervision when an employee commits tortious or criminal acts outside of the scope of his employment with an employer's equipment, and this Court can find no such cases.

In fact, Missouri case law requires "more of a causal connection" between a defendant-employer and the alleged wrongs of an employee committed outside the scope of employment when a plaintiff attempts to hold the defendant-employer liable for those wrongs. *See Hare v. Cole*, 25 S.W.3d 617, 621-22 (Mo. App. W.D. 2000). While Employee's alleged conduct need not have occurred within the scope of his employment, "the employer must have played a [sufficient] role in bringing the offending employee into contact with the party who is thereby injured." *See id*. at 621 (citing, *inter alia*, *Gaines*, 655 S.W.2d at 571); *cf. Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 82, 87-89 (Mo. App. E.D. 2012) (finding the plaintiff sufficiently pleaded the elements of negligent hiring and negligent supervision where a nursing home resident was sexually assaulted by an employee of the same nursing home where the plaintiff lived); *Gaines*, 655 S.W.2d 569-72 (finding the plaintiff sufficiently pleaded the elements of negligent hiring and negligent retention where an employee of the defendant was murdered by another employee of the defendant and the perpetrator learned about the victim

9

through his employment with the defendant).  Based on the foregoing, we find that Defendants having provided Employee with equipment and resources as part of his employment does not sufficiently establish Defendants "played a role in bringing [Employee] into contact with" Plaintiffs for purposes of their negligence claims at issue in this case.  *See id*.

### 3. Conclusion as to Proximate Cause and Plaintiffs' Third Through Sixth Points on Appeal

Under the circumstances of this case and treating Plaintiffs' well-pleaded facts as admitted, we hold that Plaintiffs' injuries are too far removed to be a "reasonable and probable consequence" of any claimed negligence by Defendants.  *See Tharp*, 587 S.W.3d at 657; *Gross*, 624 S.W.3d at 883.  Accordingly, Plaintiffs failed to sufficiently plead proximate cause in support of their claims for negligent hiring, negligent retention, or negligent supervision, and the trial court did not err in granting Defendants' motion for judgment on the pleadings.  *See id*. Plaintiffs' third through sixth points on appeal are denied.

### III.  CONCLUSION

The trial court's grant of judgment on the pleadings in favor of Defendants is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Philip M. Hess, J., and
Cristian M. Stevens, J., concur.

10