**PAPA JOHN'S USA, INC., Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

**No. WD 74128.**

Missouri Court of Appeals, Western District.

May 15, 2012.

Ryan E. Karaim, Kansas City, MO, for appellant.

Robert J. Luder, Overland Park, KS, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, CYNTHIA L. MARTIN, Judge and JOEL P. FAHNESTOCK, Special Judge.

LISA WHITE HARDWICK, Chief Judge.

Papa John's USA, Inc. ("Papa John's") appeals the circuit court's grant of summary judgment in favor of Allstate Insurance Company ("Allstate"). The court determined an Allstate personal automobile insurance policy of a Papa John's employee did not provide coverage for Papa John's. Therefore, the court concluded Papa John's was not entitled to receive a defense or indemnity from Allstate in a lawsuit stemming from an accident involving the employee and another driver. On appeal, Papa John's claims it qualified as an "insured person" under the policy and the policy's "carry property for a charge" exclusion did not bar coverage. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying this appeal are undisputed. On July 31, 2009, Drew Ellis and William McCravey were involved in a motor vehicle accident in St. Joseph. At the time of the accident, Ellis was employed by Papa John's as a delivery driver and was driving his car within the course and scope of his employment.

On the day of the accident, Ellis's supervisor at Papa John's instructed Ellis and his co-worker to "door hang," which means to hang coupons on doors, in a local neighborhood. It was understood that Ellis would drive his personal vehicle from Papa John's to the specified neighborhood to hang the coupons and then drive back to Papa John's. Both Ellis and his co-worker were paid their normal hourly wage to perform this task and were not paid any extra fee or other compensation. The ac-

cident occurred as Ellis drove back to the store, when his car struck McCravey's motorcycle.

Ellis was insured by Allstate at the time of the accident.[1] The named insureds on the policy were Ellis's grandparents, John and Ruth Kretzer. The Kretzers owned and insured Ellis's car but had given it to him for his personal use. The Kretzers' policy listed Ellis as a driver of the vehicle. The Kretzers consented to Ellis's use of the vehicle in the course and scope of his employment with Papa John's. The policy provided bodily injury liability coverage with limits of $100,000 per person and $300,000 per occurrence.

Following the accident, McCravey filed suit against Ellis and Papa John's. Allstate provided a defense to Ellis in the lawsuit and paid its policy limit of $100,000 to settle McCravey's claims against him. Papa John's requested that Allstate provide a defense and indemnification for it, too, but Allstate denied coverage.

Papa John's filed a petition for a declaratory judgment against Allstate. The petition asserted that Papa John's qualified as an "insured person" under the Kretzers' policy and sought a determination that Allstate was required to defend and indemnify Papa John's in the McCravey lawsuit. Papa John's and Allstate stipulated to the underlying facts and filed competing motions for summary judgment. The court determined Papa John's did not qualify as an "insured person" under the policy because it was not a "person" and was not "using" the insured vehicle at the time of the accident. Additionally, the court found that, even if Papa John's were an "insured person" under the policy, coverage would be excluded because Ellis was carrying property for a charge at the time of the accident. Therefore, the court granted summary judgment in favor of Allstate and denied the summary judgment motion filed by Papa John's. Papa John's appeals.

## STANDARD OF REVIEW

Appellate review of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 380. We may affirm the circuit court's grant of summary judgment under any theory that is supported by the record. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 120 (Mo. banc 2010).

The interpretation of an insurance policy is also a question of law entitled to *de novo* review. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). We interpret the policy according to the plain and ordinary meaning of its language. *Mo. Emp'rs Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App.2004).

## ANALYSIS

Papa John's raises five points on appeal challenging the court's interpretation of the Allstate policy's coverage and exclusionary provisions. Because it is dispositive, we need only address Papa John's assertion that it was an "insured person" entitled to coverage because it was using the Kretzers' car with their permission at the time of the accident.

The policy's statement of coverage provided that Allstate would pay damages that an "insured person" was legally obligated to pay because of bodily injury or property damage arising out of the ownership, maintenance, or use of an insured

---

1. Papa John's was insured by AIG at the time of the accident.

auto. The policy defined the term "insured person" as follows:

"Insured Person(s)" means:

1. While using **your insured auto:**

a. **you,**[2]

b. any **resident,**

c. and any other person using it with **your** permission.

Papa John's contends it qualified as an "insured person" under subsection c., the omnibus clause.[3] Specifically, Papa John's argues it had the Kretzers' permission to use the car because (1) Ellis was driving the car with the Kretzers' permission and (2) the Kretzers consented to Ellis's using the car in the course and scope of his employment with Papa John's. Papa John's further notes that, because the accident occurred during the course and scope of Ellis's employment with Papa John's and an employer is vicariously liable under the theory of *respondeat superior* for its employee's conduct within the course and scope of the employment, Papa John's was legally responsible for Ellis's conduct. Because it was legally responsible for Ellis's conduct, Papa John's argues it was using Ellis's car with the Kretzers' permission at the time of the accident. We disagree.

The Kretzers' giving permission to their grandson, Ellis, to use the car in the course and scope of his employment with Papa John's did not equate to the Kretzers' giving permission to Papa John's to use the car. There is no indication that Papa John's was free to put another driver behind the wheel of the Kretzers' car to deliver pizzas or to perform any other business function on behalf of Papa John's.[4] The Kretzers' grant of permission with regard to Papa John's extended only to *Ellis's* use of the car in his work for Papa John's.

Papa John's argues that, because the Kretzers consented to Ellis's using the car to conduct business on behalf of Papa John's, the Kretzers were, in effect, giving Papa John's permission to use the car. Papa John's bases this argument on the distinction that courts, in interpreting omnibus clauses, have made between "operating" and "using" a car. While the "operation" of a car involves "the driver's direction and control of its mechanism for the purpose of propelling it as a vehicle," the "use" of a car involves "its employment for some purpose or object of the user." *Weathers v. Royal Indem. Co.*, 577 S.W.2d 623, 627 (Mo. banc 1979). Papa John's asserts that, by permitting their car to be employed to further the business purpose of Papa John's, i.e., the delivery of the restaurant's pizzas and coupons, the Kretzers were giving Papa John's permission to use the car.

Furthering Papa John's business purpose was merely a consequence of the Kretzers' grant of permission to their grandson to use the car, however. It was not the purpose or object for which the Kretzers granted such permission. The

**2.** The policy defined "you" and "your" to mean the policyholder and the policyholder's resident spouse, which in this case meant John and Ruth Kretzer.

**3.** The language in subsection c. is commonly referred to as an omnibus clause. See *State Farm Mut. Auto. Ins. Co. v. Scheel*, 973 S.W.2d 560, 567–68 (Mo.App.1998). It is required by Section 303.190.2(2), RSMo 2000, which states that a motor vehicle liability policy "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured."

**4.** When asked at oral argument whether any representative of Papa John's had permission to drive the Kretzers' car, counsel for Papa John's responded that his "guess" would be that they did not.

Kretzers granted permission for their car to be employed by Ellis for the purpose or object of fulfilling his duties as a delivery driver of Papa John's. That Papa John's may have benefited from the Kretzers' permitting Ellis to use their car to fulfill his duties did not enlarge the scope of the Kretzers' permission to make Papa John's a permissive user of the car.

 Likewise, that Papa John's may have been legally responsible for Ellis's conduct at the time of the accident under the doctrine of *respondeat superior* did not enlarge the scope of the Kretzers' permission to make Papa John's a permissive user of the car. "[R]espondeat superior imposes vicarious liability on employers for the negligent acts or omissions of employees or agents as long as the acts or omissions are committed within the scope of the employment or agency." *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 655–56 (Mo.App.2005). While this doctrine may have imputed liability to Papa John's for Ellis's conduct while he was using the car in the scope of his employment, it did not impute Ellis's permissive use of the car to Papa John's.

Legal responsibility for the use of a car is not synonymous with permissive use of the car. Thus, Papa John's reliance on caselaw finding coverage for vicariously-liable employers pursuant to omnibus clauses that explicitly insure "any person or organization legally responsible for the use" of an automobile is misplaced. See *Richards v. Office of Postal Inspector in Charge*, No. C88–7379, 1989 WL 319835, at *2 (N.D.Ohio Feb.21, 1989). See also *Franklin Cnty. Mem'l Hosp. v. Miss. Farm Bureau Mut. Ins. Co.*, 975 So.2d 872, 876–77 (Miss.2008). The omnibus clause in this case covered only permissive users of the Kretzers' car and contained no language extending coverage to those who were legally responsible for such use.

Because Papa John's was not using the insured automobile with the Kretzers' permission at the time of the accident, it was not covered under the Kretzers' Allstate policy. Therefore, Papa John's was not entitled to a defense or indemnity from Allstate in the McCravey lawsuit.

### CONCLUSION

We affirm the circuit court's grant of summary judgment in favor of Allstate.

All Concur.