**Robert and Pearl CONROY,**
**Plaintiffs-Appellants,**

v.

**CITY OF BALLWIN,**
**Defendant-Respondent.**

**No. 51406.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 9, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Paul C. Hetterman, St. Louis, for plaintiffs-appellants.

Evans & Dixon, Mary V. Schmidtlein, William W. Evans, St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from an order granting summary judgment in favor of respondent municipality and dismissing appellant's personal injury, negligence action.

On November 21, 1982, David J. Ray, an off-duty police officer employed by respondent, the City of Ballwin, was visiting at the farm of his grandparents. His grandparents lived in Gasconade County, Missouri, eighty (80) miles from St. Louis. David Ray obtained permission from his grandparents to practice target shooting on their property. The property consisted of an open field and some woods which were located on a hill. On the hill, Ray had previously erected a wooden target structure in the shooting area. The woods began approximately 10 yards beyond the target structure.

Also on that day, unbeknownst to Ray and Ray's grandparents, appellant Robert Conroy was squirrel hunting on the Ray property. Conroy was sitting in the woods, leaning against a tree. He had intended to shoot into the woods, should any game appear.

At approximately 11:45 a.m., Ray attached a human silhouette paper target onto the structure for target shooting. Other than the horizontal boards and the middle vertical post, there was nothing behind the target frame to prevent a bullet from passing through the structure and into the woods. Ray was using his own ammunition, and his own .45 automatic pistol. Ray had purchased the .45 automatic pistol and the ammunition solely for off-duty use. He never carried the pistol while on duty, and the ammunition he was using was not authorized for on-duty use.

On the day in question, David Ray fired four shots, each of which struck the target. Each of these bullets traveled through the woods. Immediately after firing the fourth shot, Ray heard a person screaming. He ran down the hill behind the target, and found the appellant, Robert Conroy, lying on the ground. The fourth bullet had penetrated the left side of Conroy's back, severing the spinal cord, resulting in permanent paralysis.

Appellant brought an action in negligence against David Ray, David Ray's grandparents, and the City of Ballwin. On July 9, 1985, the St. Louis County Circuit Court sustained respondent's motion for summary judgment. On March 6, 1986, the remaining defendants and the plaintiffs entered into a stipulation for dismissal. Appellants retained their cause of action against respondent. On March 21, 1986, the Circuit Court noted the disposition of all parties and issues in the lawsuit and converted the interlocutory order sustaining respondent's motion for summary judgment to a final judgment.

On appeal, appellants contend the trial court erred in sustaining respondent's motion for summary judgment, because a genuine issue of material fact exists as to whether respondent, the City of Ballwin, had an affirmative duty to train its police officers in proper and safe methods of off-duty target shooting.

It should be noted at the outset that appellate review of a grant of a motion for summary judgment is equivalent to the review of a court tried case, and judgment must be affirmed where sustainable on any theory as a matter of law. *City of Wright City v. Cencom of Eastern Mo.*, 699 S.W.2d 41, 42[1] (Mo.App.1985); *Holt v. Burlington Northern RR Co.*, 685 S.W.2d 851, 853[2] (Mo.App.1985); *McCready v. Southard*, 671 S.W.2d 385, 387 [1] (Mo. App.1984).

Appellant's advance three theories to support their contention that the trial court erred in granting respondent's motion for summary judgment. These theories include primary negligence, the Restatement

(Second) of Torts, § 317, and the special relationship doctrine.[1]

■ Appellants first claim that respondent was negligent in failing to supervise or train Officer Ray in a proper and safe method of off-duty target shooting, so as to prevent foreseeable dangers to the public. Appellants allege that appellant's injury was foreseeable, and thus, respondent had an affirmative duty to take adequate precautions to avoid that injury.

Appellants point out several facts which they contend give rise to such a duty on the part of respondent:

1. The respondent required Officer Ray to purchase those weapons which he used in the course and scope of his employment.
2. Respondent required Officer Ray to carry a weapon at all times when inside the boundaries of the City of Ballwin.
3. Respondent required Officer Ray to pass an annual target shooting qualifications test, but respondent failed to provide a firing range so as to enable Officer Ray to practice off-duty target shooting.
4. The respondent did not issue any requirements or guidelines to Officer Ray for off-duty target shooting.

From these facts, appellants conclude that respondent was negligent in failing to train Officer Ray in a proper and safe method of target shooting, and thus the trial court erred in granting respondent's motion for summary judgment.

We find that respondent did not owe a duty to appellant, where the respondent had no control over Officer Ray's use of firearms outside the city's boundaries. Officer Ray was off-duty, on a personal trip 80 miles from St. Louis, using his own gun, equipment, and ammunition. Appellant points out that respondent required Officer Ray to purchase the weapons which he used *in the scope of his employment,* and that Officer Ray was required to carry a

weapon at all times when *inside* the boundaries of the City of Ballwin. Here, the .45 Colt Automatic pistol which was used on the day of the accident, was *not* used in the course and scope of his employment. Furthermore, when the accident occurred, Officer Ray was *outside* the boundaries of the City of Ballwin.

Appellants rely on *St. John Bank & Trust Co. v. City of St. John,* 679 S.W.2d 399 (Mo.App.1984), to establish that respondent had an affirmative duty to take precautions to avoid appellant's injury. This case is distinguishable from the case at bar, and in our opinion, not controlling here.

In *St. John Bank & Trust Co.,* an *on-duty* police officer *intentionally* set fire to a movie theatre owned by the Bank & Trust Company. The evidence showed that there had been a pattern of harassment by the members of the police department prior to the arson, and that the department and city officials held a meeting 2 months prior to the arson to try and resolve the problems between the operators of the theatre and various city officials, including the City Manager and the Chief of Police. The court held that based upon the city's knowledge of prior harassment, the city did owe a duty to the plaintiff to supervise its police department, because the injury to plaintiff's property was foreseeable.

In the case at bar, Officer Ray was *off-duty,* and appellant has failed to demonstrate that respondent knew or should have known that Officer Ray's off-duty use of firearms created an unreasonable risk of harm. Respondent's knowledge that Officer Ray may use guns in his private civilian life without facts showing his unfitness to carry and use guns is insufficient to create an affirmative duty requiring respondent to control or supervise Officer Ray while off-duty. We rule this point against appellant.

---

1. Appellants had included in their petitions a claim based upon respondeat superior. However, appellants concede in their reply brief that respondeat superior does not apply in the instant case, and thus it will not be addressed by this court.

■ Appellants' second theory, Restatement (Second) Torts, § 317. also fails to establish a duty on the part of respondent to exercise its control over an employee who is acting outside the scope of his employment. § 317 reads as follows:

§ 317. Duty of Master to Control Conduct of Servant

A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

Officer Ray was not using a chattel of the master, as Officer Ray personally purchased the .45 automatic pistol *exclusively for off-duty use*. Furthermore, there was no evidence to establish that respondent knew or should have known that Officer Ray would create an unreasonable risk of harm outside the scope of his employment. This point is ruled against appellant.

■ Finally, appellants contend that the special facts doctrine applies to the case at bar, which required respondent to take affirmative action to avoid appellant's injury. Appellants allege that respondent owed a duty of reasonable protection to appellant because it had both the knowledge of special facts which made the injury to Conroy foreseeable, and the power to prevent his injury. Appellants assert that respondent was aware of a potential hazard resulting from the misuse of a weapon. They further assert that respondent was aware of

the likelihood that its officers would practice target shooting. Thus, appellants conclude, Conroy's injury was foreseeable, and respondent had a duty to train its police officers in the safe use and handling of firearms.

Appellants rely on *Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. banc 1976). This case is distinguishable from the case at bar. In *Scheibel*, the plaintiff was intentionally shot by a third person on defendant's property, and defendant had full knowledge of prior particular acts of the third party which were of a "mischievous, wanton and brutal nature." *Id.* at 287. The defendant kept a loaded shotgun in her house, and defendant notified the third person of such possession. The weapon was kept in a place where defendant knew or should have known that the third person was likely to use it so as to create an unreasonable risk of harm to plaintiff. Factors to be considered in determining whether one is required to take precautions include the known character, past conduct and tendencies of the person whose conduct causes the harm, the opportunity or temptation which the circumstances may afford him for such misconduct, together with the gravity of the harm which may result. *Id.* at 288.

In the case at bar, the shooting was accidental rather than intentional, and occurred on private property rather than within the boundaries of the City of Ballwin. In *Scheibel, supra,* the defendant had full knowledge of prior particular acts of the third person, which were of a mischievous, wanton and brutal nature, and defendant was aware of wanton and willful acts of violence against other persons. Additionally, the defendant had knowledge of prior acts which were likely to result in probable consequence of injury to others. In the present case, there was no evidence or allegations of any prior mishaps involving Officer Ray's use of firearms. Nor was there any evidence that respondent had a duty to avoid appellant's injury, where Officer Ray was off-duty, using his

own firearm outside the city's boundaries. Appellant's point is denied.

We hold the evidence is insufficient to support a finding that a genuine issue of material fact exists as to whether respondent had an affirmative duty to take precautions to avoid appellant's injury. Therefore, the trial court did not err in granting respondent's motion for summary judgment.

The judgment of the trial court is affirmed.

SATZ, P.J., and CRIST, J., concur.