DeWayne R. STUBBS and Edna Stubbs, Appellants,

v.

Lucena PANEK, David Panek, Victor Faletti and Steve Owens, Respondents.

No. WD 44739.

Missouri Court of Appeals, Western District.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied June 2, 1992.

Michael D. Gibbons, Kansas City, for appellants.

Richard Frank Modin, Kansas City, for respondents.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellants, DeWayne and Edna Stubbs appeal the order of the trial court sustaining a Motion for Summary Judgment in favor of respondents, David Panek, Lucena Panek and Victor Faletti.

In the underlying cause of action, DeWayne and Edna Stubbs brought suit against David Panek, Lucena Panek, Victor Faletti and Steve Owens for the wrongful death of their daughter, Tiffany R. Stubbs. However, Steve Owens is no longer a party as DeWayne and Edna Stubbs dismissed

their cause of action against Steve Owens during the pendency of this appeal.

Tiffany Stubbs was abducted from the residence appellants were renting at 300 Hill Street, Belton, Missouri. The residence was part of a tri-plex that was one of several multi-unit dwellings in a complex owned by respondents, Lucena Panek and her son, David Panek. The complex was known as Brookview Duplexes. Tiffany's abduction was during the early morning hours of May 27, 1988, while the family was asleep. Tiffany was taken by her abductor to a creek approximately three miles from her home, sexually assaulted and murdered.

Respondent, Victor Faletti was employed by Lucena and David Panek as the live-in property manager of Brookview Duplexes. Steve Owens was also alleged to be an employee of Lucena and David Panek at the Brookview Duplexes.

Appellants have alleged alternative theories of negligence against respondents. On appeal, appellants argue that the record reflects genuine issues of material fact to support claims against respondents for: (1) negligence in maintaining the door and lock through which Tiffany's abductor gained access to their residence; (2) negligence in providing a stranger a key to appellants' residence; (3) negligence by respondents David and Lucena Panek in hiring Victor Faletti and Steve Owens; and (4) negligence by representing that the neighborhood was safe.

Negligence In Maintaining Door and Lock

Appellants argue first that the trial court erred in granting summary judgment on behalf of David Panek, Lucena Panek and Victor Faletti because there were genuine issues of material fact as to whether the Paneks' had retained control over providing and maintaining secure door locks on the premises occupied by appellants and whether Faletti was negligent in his responsibility to maintain the door and lock in question.

In addressing a summary judgment, an appellate court must review the entire record in the light most favorable to the party against whom the trial court entered judgment. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984). The trial court must exercise great care in utilizing this remedy. *Gal v. Bishop*, 674 S.W.2d 680, 682 (Mo.App.1984). It may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo. banc 1989); Rule 74.04(c).

There was evidence that the screen door to appellants' home had been cut, the latch on the screen door unlocked and that Tiffany's abductor gained access through the front door. Mrs. Stubbs was the last person in the house to retire the night Tiffany was abducted. Mrs. Stubbs testified in her deposition that she knows she closed the wooden front door when she went to bed and she believes that she locked the door because that was her habit upon closing the front door.

Appellants argue that the faulty front door and lock allowed access to their home by the intruder. Respondents argue that even if access was gained through the front door, they are not responsible for the criminal acts of third persons and they did not retain control of the door and lock in question.

As a general proposition, a defendant has no duty to protect another person from deliberate criminal attack by a third person. *Advance Rental Centers, Inc. v. Brown*, 729 S.W.2d 644, 645 (Mo.App.1987). However, a landlord is under a duty to exercise ordinary care to keep the portion of the premises he retains control over in a reasonably safe condition for the use intended and is liable for damages for personal injuries resulting from his failure to perform that duty. *Peterson v. Brune*, 273 S.W.2d 278, 280 (Mo.1954). To show control in the landlord, there must be evidence from which the trier of fact can infer that the tenant surrendered his right to exclusive possession and control. *Erhardt*

*v. Lowe,* 596 S.W.2d 489, 491 (Mo.App. 1980).

More recently the Missouri Supreme Court held that allegations that a landlord knew or should have known of a dangerous condition of a fire escape, by which an intruder could obtain easy access to a tenant's apartment, stated a claim against the landlord for negligence in maintaining the fire escape allegedly resulting in a sexual assault on a tenant by an intruder who gained entry to the tenant's apartment through a window adjacent to the fire escape. *Aaron v. Havens,* 758 S.W.2d 446, 447 (Mo. banc 1988). In *Aaron,* the court relied upon the fact that the fire escape was a common area under the landlord's control. *Id.* at 448. The court stated that since no tenant had the right to make repairs or modifications to the fire escape, that the landlord had a duty to use due care to protect against dangerous conditions. *Id.* at 448.

Taken in the light most favorable to appellants, there was evidence that the front door to appellants' residence was not reasonably safe. There was a gap in the door frame between the jamb and the door frame almost wide enough for a person to stick their finger in. The gap made it possible to unlock the door with a comb, credit card or common screwdriver. Mr. Stubbs made repeated complaints about the door and asked for it to be repaired, but it was not repaired. Moreover, Mr. Stubbs was told that he could not repair the door himself. Mr. Stubbs was specifically not allowed to put a deadbolt lock on the door or a chain lock or otherwise repair the door to make it more secure. Mr. Stubbs was advised that it was Faletti's job to make repairs and that Stubbs was not allowed to make any repairs on the door.

■ This evidence is sufficient to raise a material issue of fact as to whether the respondents maintained control of the door and lock in question, denying appellants the right to exclusive possession and control; whether respondents knew or should have known of the door's dangerous condition by which a criminal intruder could gain easy access; and, whether appellants' damages from Tiffany's abduction and murder were as a result of the unsafe door and lock.[1]

The trial court erred by granting summary judgment on appellants' claim of negligence in maintaining the door and lock to their residence.

### Negligence in Providing a Stranger With a Key

■ Appellants further argue that the trial court erred by entering summary judgment on respondents' behalf on their claim that respondents were negligent because Victor Faletti provided Steve Owens a key to appellants' residence.

In support of this theory, the record reflects that Steve Owens, who is alleged to be the murderer of Tiffany Stubbs, had keys to unlock the tenant's laundromat and that on one occasion Boyd Stubbs had forgotten his keys to appellants' residence and Steve Owens opened the door for him.[2] There was also evidence that Steve Owens did maintenance work around the complex, however, respondents deny that he was an employee.

Considering this evidence in the light most favorable to appellants, it is sufficient to show that Owens had a key to appellants' residence and to draw a reasonable inference that he obtained the key from the respondents.

In *Aaron v. Havens,* 758 S.W.2d at 447, the Missouri Supreme Court held that the owner of an apartment building has a duty to use due care to make the areas over which he retains control safe against foreseeable risks. As stated previously herein, *Aaron,* held that a landlord could be held liable for negligently maintaining a fire escape that he knew or should have known allowed presented a dangerous condition

---

1. A claim of negligence must show a duty owing from the defendant to the plaintiff, a breach of the duty, and damages as a result. *Aaron v. Havens,* 758 S.W.2d at 447.

2. Boyd Stubbs is the brother of appellant Dewayne Stubbs. Boyd Stubbs lived with appellants.

that would allow an intruder to obtain easy access to the plaintiff's apartment. *Id.* To find a duty the court stated that "only the incidence of harm, not necessarily the quantum, need be foreseeable." *Id.* at 448 (citations omitted).

Appellants were not in exclusive control of the keys to their residence. Respondents retained control of a key to allow access to appellants' residence. Applying the reasoning of *Aaron* to the case at bar, the respondents knew or should have known that providing a key to appellants' residence to a stranger, who was not in their employ or subject to their control, created a dangerous condition that would allow the stranger, or anyone the stranger allowed to come into possession of a key, easy access into appellants' residence.

The trial court erred by granting respondents summary judgment on appellants' claim of negligence for providing a key to their residence to a stranger.

### Negligent Hiring

Appellants argue further that the trial court erred in granting summary judgment to respondents David and Lucena Panek because there was evidence that they were negligent in hiring Victor Faletti and Steve Owens which negligence proximately caused Tiffany Stubbs' death.[3]

■ An employer may be liable for the negligent hiring or negligent retention of an employee where the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of the plaintiff's injuries. *Gaines v. Monsanto Company,* 655 S.W.2d 568, 570 (Mo.App. 1983).

■ In considering appellants' argument in regard to negligent hiring, even if Owens was an employee of the Paneks', the record does not show that any of the respondents knew or should have known that

Owens was possessed of dangerous proclivities which would make him a risk to abduct, assault and murder Tiffany Stubbs.

The record reflects that at the time of the abduction, Owens had a charge pending against him for petty larceny and a conviction for illegal trash dumping. There had also been a charge against Owens for alleged child abuse which charge was dropped. There is no other history of Owens that respondents either knew of, or should have known of, that reflects Owens was possessed of dangerous proclivities which would make him a risk to abduct, assault and murder Tiffany Stubbs.

This record is not sufficient to show that Owens was a risk to commit the crimes he is alleged to have committed. In regard to Victor Faletti, there is no dispute but that he was an employee of the Paneks'. However, there is no evidence to show that any dangerous proclivities that Faletti might have possessed were the proximate cause of Tiffany Stubbs' abduction and murder.

Respondents were entitled to summary judgment on appellants' claim for negligent hiring or negligent retention of Faletti and Owens.

### Negligent Misrepresentation

In their final point necessary to be addressed herein, appellants argue that the trial court erred by granting summary judgment on their claim of negligent misrepresentation. Appellants argue under this point that Victor Faletti negligently represented to them that the neighborhood was safe and that they relied upon this representation.

Appellants neither cite relevant authority in support of this point of alleged error, nor do they offer an explanation for the absence of citations to relevant authority. Accordingly, we find it appropriate to consider this point abandoned. *See, Sedalia Mercantile Bank and Trust Company v.*

---

**3.** There is an issue of fact as to whether Steve Owens was an employee of respondents David and Lucena Panek. Respondents argue that he was not. Appellants argue alternatively that either he was a stranger allowed to have a key to their residence or he was an employee that

respondents David and Lucena Panek were negligent for hiring. There is evidence in the record which creates a material issue of fact as to whether or not Steve Owens was an employee of respondents David and Lucena Panek.

*Loges Farms, Inc.,* 740 S.W.2d 188, 197 (Mo.App.1987).

The judgment of the trial court granting respondents summary judgment on appellants' claims of negligent hiring, and negligent misrepresentation, is affirmed. The judgment of the trial court granting respondents summary judgment on appellants' claims of negligence in maintaining the door and lock, and negligence in providing a stranger with a key, are reversed.

All concur.