**Gwendolyn REED, Plaintiff/Appellant,**

**v.**

**Derrell KELLY, Defendant,**

**and**

**Ree's Contract Service, Inc., Defendant/Respondent.**

**No. ED 77380.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 21, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied
March 20, 2001.

Ted F. Frapolli, Dan Haltenhof, Frapolli, Garnholz, Garnholz & Ricci, L.C., St. Louis, for appellant.

Russell F. Watters, Angela N. Loehr, T. Michael Ward, Amy L. Klingerman, Brown & James, P.C., St. Louis, for respondent.

CRANE, Judge.

Plaintiff, Gwendolyn Reed, brought an action against Derrell Kelly, who was employed as an armed security guard in a federal government building, and his employer, Ree's Contract Service, Inc. (employer), to recover damages she suffered when Kelly sexually touched her, falsely imprisoned her, and exposed himself to her while she was visiting the building where he was employed. The trial court entered summary judgment in employer's favor and plaintiff appealed. We affirm because there was insufficient connection between the three previous instances of Kelly's misconduct and the acts committed against plaintiff to make employer negligent in hiring, retaining, or supervising Kelly.

Prior to September 21, 1991, while Kelly was serving in the Marine Corps in Virginia, he was arrested and charged with assaulting his wife by slapping her. In 1993, a previous employer discharged Kelly for engaging in a fistfight with a coworker. Employer hired Kelly as a security guard in June, 1995. Employer provides security services for federal government properties in several states under contracts with the Federal Protective Service of the General Services Administration. On July 25, 1995 employer suspended Kelly for three days and reassigned him after a woman visiting the building where he was on duty overheard him comment, "ooh, nice legs" as she passed.

On September 18, 1996 plaintiff visited the building where Kelly was then employed. Kelly escorted plaintiff into a private room where he sexually touched her and exposed himself to her. He was subsequently convicted of the federal misdemeanor offense of abusive sexual contact in violation of 18 U.S.C. Section 2244(b) and was terminated from his employment.

Plaintiff brought a lawsuit to recover damages from Kelly and employer. Her claims against employer were based on respondeat superior, negligent hiring, negligent retention, and negligent supervision. The trial court entered summary judgment for employer on each of these counts.

In her first point plaintiff asserts that the trial court erred in failing to find a genuine issue of material fact with respect to whether employer conducted a reasonable investigation of Kelly before it hired him. In her second point she claims that the trial court erred in finding employer's reliance on a limited background check was reasonable and in finding that there was no issue of material fact with respect to the conduct or scope of the background check. These points misconstrue the trial court's action. Although the parties disputed the scope, conduct, and reasonableness of employer's pre-employment investigation, the trial court based its judgment on an assumption that employer knew or should have known of the two incidents which plaintiff argues employer would have discovered had it conducted the pre-employment investigation and background check in the manner in which plaintiff argues it should have. Because the trial court's decision was based on a conclusion that employer was entitled to judgment as a matter of law even if employer knew of the two prior incidents, whether employer conducted a reasonable investigation to learn of these incidents is not a dispute that affects the outcome of the case and thus is immaterial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Points one and two are denied.

For her third point plaintiff maintains that the trial court erred in finding that

the two pre-employment assaults were not, as a matter of law, the proximate cause of plaintiff's injury on her negligent hiring claim. She argues that, because employer's owner and management testified they would not have hired Kelly had they known of the prior assaults, causation is a question of fact. She contends that the issue is not whether there was a nexus between Kelly's previous conduct and his conduct towards plaintiff, but employer's admission that it would not have hired Kelly to be a security guard had it known of his background.

An employer may be liable for negligent hiring if the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of plaintiff's injury. *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 570 (Mo.App.1983). The question of whether Kelly's background would have made him unhirable under employer's hiring policies is not relevant to the question of whether employer's hiring of Kelly, given the two assaults in his background, was the proximate cause of plaintiff's injury. Whether negligence exists depends on whether a reasonably prudent person would have anticipated danger and provided against it. *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997).

The test for proximate cause is whether an injury is the natural and probable consequence of the defendant's negligence. *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. banc 1999). Assuming employer knew or should have known of Kelly's prior acts of misconduct, the issue is whether Kelly's two prior assaults put him at risk to commit the sexual offense on plaintiff. *McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. banc 1995); *Stubbs v. Panek*, 829 S.W.2d 544, 548 (Mo. App.1992). The employee misconduct must be consistent with the employee's particular dangerous proclivity exhibited by prior acts of misconduct. *McHaffie*, 891 S.W.2d at 825.

If the prior acts are not consistent, there is no probable cause. Thus a landlord's employee's pending charge for petty larceny, a conviction for illegal trash dumping, and a dropped charge of child abuse did not exhibit dangerous proclivities that would make the employee a risk to abduct, assault, and murder the child of a tenant. *Stubbs*, 829 S.W.2d at 548 (affirming summary judgment on claims of negligent hiring and negligent retention). A service station employee's murder of a customer by means of a firearm is not consistent with the particular proclivities shown by the employee's prior convictions for unlawful use of a weapon, resulting in a suspended sentence and probation; illegal possession of a controlled substance; and carrying a concealed weapon. *Butler v. Hurlbut*, 826 S.W.2d 90, 93 (Mo.App. 1992) (affirming entry of judgment notwithstanding the verdict). In contrast, prior convictions for rape, robbery, and assault do create a fact issue whether the employer was on notice that the employee was at risk to murder a female co-employee. *Gaines*, 655 S.W.2d at 569, 572.

In this case there is no nexus as a matter of law between Kelly's slapping his wife and his fistfight with a co-employee, both of which were angry physical altercations with persons he knew, and his commission of sexual offenses on a stranger. Point three is denied.

For her fourth point plaintiff asserts that the trial court erred in entering summary judgment on the grounds that Kelly's pre-employment assaults, combined with his act of sexual harassment during employment did not, as a matter of law, support her claims of negligent retention and supervision. She argues that whether these acts constituted sufficient notice of Kelly's dangerous proclivities is a question of fact.

The elements of negligent retention are the same as for negligent hiring. *Gibson*, 952 S.W.2d at 246 (Mo. banc

278

1997). A cause of action for negligent supervision may be established when:

A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS Section 317 (1965); *Gibson*, 952 S.W.2d at 247; *Conroy v. City of Ballwin*, 723 S.W.2d 476, 479 (Mo.App.1986). Thus, this cause of action also requires evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment. *Conroy*, 723 S.W.2d at 479.

We have already determined that the two previous assaults had no nexus to the sexual offense. The issue that remains is whether these incidents combined with the "nice legs" comment put employer on notice that Kelly had dangerous sexual propensities that it would be foreseeable that Kelly would sexually assault a building visitor. This comment showed no propensity to commit the acts constituting the sexual assault. The three incidents are insufficient as a matter of law to put an employer on notice that the employee would commit a sexual assault while on duty. Point four is denied.

The judgment of the trial court is affirmed.

MARY K. HOFF, C.J. and CHARLES B. BLACKMAR, Sr. J., concur.